Mr. Don C. Clark Chief of Police City of Wildwood 100 North Main Street Wildwood, Florida 34785
Dear Chief Clark:
You have asked the following question:
Do mutual aid agreements established pursuant to s. 23.127(1), F.S., confer extraterritorial jurisdiction upon municipal police officers without cross-deputization by a constitutional officer?
In sum:
Section 23.127(1), F.S., explicitly provides that whenever a law enforcement officer is rendering aid outside his or her jurisdiction pursuant to a mutual aid agreement entered into under Part I, Ch. 23, F.S., such officer is conferred the same powers, duties, rights, privileges, and immunities as if the aid were being given in the political subdivision in which he or she is normally employed. There is no requirement for cross-deputization when a law enforcement officer is rendering aid under the statute.
You state that the City of Wildwood Police Department has joined with nine other law enforcement agencies in a mutual aid agreement under Part I, Ch. 23, F.S., the Florida Mutual Aid Act, creating the Sumter County Narcotics Bureau. The question has arisen, however, whether the municipal police officers have law enforcement powers outside the municipality's jurisdictional limits, in the absence of cross-deputization.
Section 2(c), Art. VIII, State Const., provides that the "exercise of extra-territorial powers by municipalities shall be as provided by general or special law." Section 4, Art. VIII, State Const., in pertinent part, alternatively provides for the transfer or contracting of powers among counties, municipalities, or special districts after approval by vote of the electors of the transferor and the transferee, or "as otherwise provided by law."[1]
Thus, a municipality may exercise its powers, including law enforcement, extraterritorially only as provided by general or special law, or as provided in s. 4, Art. VIII, State Const., by the transference or contracting of powers with the electors' consent. This office has stated that ss. 2(c) and 4, Art. VIII, State Const., must be read together when a municipality transfers or contracts out municipal functions or powers.[2]
Part I, Ch. 23, F.S., the Florida Mutual Aid Act, creates a state law enforcement mutual aid plan which provides for the coordination of law enforcement planning, operations, and mutual aid.[3] Specifically, s. 23.1225(1), F.S., defines one type of mutual aid agreement as:
A voluntary cooperation agreement, which is a written agreement between two or more law enforcement agencies which permits voluntary cooperation and assistance of a routine law enforcement nature across jurisdictional lines. The agreement shall specify the nature of the law enforcement assistance to be rendered, which agency shall bear any liability arising from acts undertaken under the agreement, and any other terms and conditions necessary to give it effect. There shall be no reimbursement to any law enforcement agency from any other law enforcement agency under a voluntary cooperation agreement. An example of a voluntary cooperation agreement is a joint city-county task force on narcotics smuggling. (e.s.)
The act recognizes that law enforcement assistance will cross jurisdictional lines under a mutual aid agreement. In further recognition of the authority to exercise extraterritorial law enforcement under the act, s. 23.127, F.S., provides as follows:
(1) Whenever the employees of any law enforcement agency are rendering aid outside its jurisdiction and pursuant to the authority contained in, or to any written agreement entered under, this part, such employees shall have the same powers, duties, rights, privileges, and immunities as if they were performing their duties in the political subdivision in which they are normally employed.
* * *
(3) All of the privileges and immunities from liability, exemption from laws, ordinances and rules, and all pension, insurance, relief, disability, workers' compensation, salary, death and other benefits which apply to the activity of such officers, agents, or employees of any such agency when performing their respective functions within the territorial limits of their respective public agencies shall apply to them to the same degree, manner, and extent while engaged in the performance of any of their functions and duties extraterritorially under the provisions of this mutual aid agreement. The provisions of this section shall apply with equal effect to paid, volunteer, and auxiliary employees. (e.s.)
A mutual aid agreement entered into pursuant to Part I, Ch. 23, F.S., would not appear to require a transfer of power from one entity to another. Rather, it is a contract or authorization with ultimate supervision of the exercise of law enforcement power remaining in the municipality. It appears, therefore, that the provisions of s. 4, Art. VIII, State Const., would not be implicated.
This office has previously concluded in AGO 72-178 that police officers serving outside their employers' jurisdictions pursuant to the Florida Mutual Aid Act would have extraterritorial law enforcement power to render aid in the jurisdiction they were called to assist, without the necessity of being deputized by the governing body of the jurisdiction assisted.[4] There does not appear to have been any change in the Florida Mutual Aid Act or the State Constitution which would alter the conclusion reached in that opinion.
Accordingly, a law enforcement officer may exercise law enforcement powers outside the jurisdiction of the officer's employing agency pursuant to a mutual aid agreement under Part I, Ch. 23, F.S., without being deputized by the jurisdiction in which the aid is rendered.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] See, e.g., s. 901.25(2), F.S., providing that "[a]ny duly authorized state, county, or municipal arresting officer is authorized to arrest a person outside his jurisdiction when in fresh pursuit. Such officer shall have the same authority to arrest and hold such person in custody outside his jurisdiction, subject to the limitations hereafter set forth, as has any authorized arresting state, county, or municipal officer of this state to arrest and hold in custody a person not arrested in fresh pursuit."
[2] See, AGO 90-77 (dual referenda required to transfer ultimate responsibility for supervising law enforcement services from the Port Everglades Authority to a municipality; however, general or special law required before municipality may exercise extra-territorial law enforcement powers on behalf of the authority outside its own municipal boundaries) and AGO 82-52 (cross swearing of police officers in neighboring municipalities to perform law enforcement services in each other's jurisdiction must comply with ss. 2[c] and [4], Art. VIII, State Const.; further recognizing the use of Part I, Ch. 23, F.S., to allow the extraterritorial exercise of law enforcement services by municipalities pursuant to a mutual aid agreement).
[3] Section 23.121(1)(a), F.S.